UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LAMONT D. PERKINS,<br><br>                       Plaintiff,<br>v.<br><br>WISCONSIN LABORERS HEALTH FUND,<br><br>                       Defendant. | Case No. 11-CV-846-JPS<br><br>ORDER |

On August 18, 2011, plaintiff Lamont Perkins ("Perkins") filed a complaint in the small claims division of the Milwaukee County Circuit Court. On September 7, 2011, the defendant, Wisconsin Laborers Health Fund (the "Fund") removed the case to federal court and filed an answer. The Fund removed the case to federal court on the theory that the allegations in Lamont's complaint arise under and relate to an employee welfare benefit plan and thus the claims are governed by ERISA. On September 12, 2011, the Fund filed a motion for judgment on the pleadings, contending that Perkins's claim is barred by the Fund's two year statute of limitations for filing a lawsuit to recover benefits. (Docket #8). To date, Perkins has failed to respond to the motion.

As such, Perkins has waived his opportunity to oppose the motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Moreover, as the Seventh Circuit has noted, "[o]ur system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."

*Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999) (likening a dismissal of a "nonresponsive response brief" to default judgment).

Here, in support of its motion, the defendant notes that Perkins was a participant covered by the Fund. On June 21, 2008, Perkins received medical services at Froedtert Memorial Hospital. The hospital subsequently submitted a claim for $2,376.16 to the Fund, resulting in the Fund sending a request to Perkins for additional information on July 15, 2008. In his complaint, Perkins claims that he never received the Fund's request for information. It was not until May 26, 2011, that Perkins filled out a new request for additional information that he received from the Fund. Ultimately, the Fund denied Perkins's claim for benefits and Perkins commenced suit against the Fund on August 18, 2011.

According to the Fund, assuming Perkins never received the initial request for additional information, Perkins should have construed the Fund's silence regarding the claim as a denial of benefits. The Fund's Summary Plan Description ("SPD") required that Perkins file a lawsuit within two years after the last date he was permitted to file a claim for benefits with the Fund. The Fund maintains that, based on the plain language of the SPD, Perkins had until September 19, 2010, to file a lawsuit against the Fund for benefits. Perkins filed his lawsuit on August 18, 2011.

Based on the above facts, the court finds that Perkins's action is clearly untimely. Accordingly, the court will grant the defendant's motion for judgment on the pleadings and will dismiss this action with prejudice.

The Fund also requests that the court award it attorney's fees and costs in light of Perkins's failure to timely respond to the motion for

judgment on the pleadings. Under ERISA, the district court may, in its discretion, award attorney's fees to either party. 29 U.S.C. § 1132(g)(1). There is a "modest presumption" in favor of awarding fees to the prevailing party, but that presumption may be rebutted. *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir.1995). An award of fees to a successful defendant may be denied if the plaintiff's position was both "substantially justified" – meaning something more than non-frivolous, but something less than meritorious – and taken in good faith, or if special circumstances make an award unjust. *Id.* at 616-17 & n. 4; *see also Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 884 (7th Cir. 2000).

Here, the court will decline to award attorney's fees, finding that special circumstances exist in this case that would make an award unjust. Perkins, as a *pro se* litigant, first filed this lawsuit in small claims court, seeking approximately $2,000 for medical expenses he thought he was due under an employee benefit plan. Perkins was likely not expecting the Fund to remove this case to federal court. Once the case was removed, Perkins took no further action with regard to this case, possibly because he could not afford either the time or the money to pursue this action further. Indeed, there is some question whether Perkins would be able to satisfy an award of fees, a consideration that militates in favor of denying the defendant's request for attorney's fees. Moreover, there is no evidence that Perkins filed the lawsuit in bad faith. And, although the court has found that his lawsuit was not timely filed, this does not mean that the relative merits of his position when he filed the case lacked substantial justification. Therefore, the court will not award the defendant reasonable attorney's fees.

Accordingly,

IT IS ORDERED that defendant's motion for judgment on the pleadings (Docket #8) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the above-entitled action be and the same is hereby DISMISSED with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge